**Affirmed and Memorandum Opinion filed June 2, 2016.**



In The

# Fourteenth Court of Appeals

## NO. 14-15-00206-CV

## WENDY CUEVA, Appellant

### V.

## APTDF, LTD D/B/A DEERFIELD APARTMENTS, DFAPT, INC., AND SANTOS TORRES A/K/A JOSE RAUDALES TORRES, Appellees

**On Appeal from the 270th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2013-63368**

## M E M O R A N D U M   O P I N I O N

Wendy Cueva sued APTDF, Ltd. d/b/a Deerfield Apartments and its general partner DFAPT, Inc. (collectively, "Deerfield") for injuries she received when a drunken motorist drove his car through her apartment wall. Cueva challenges the trial court's grant of a no-evidence and traditional summary judgment in Deerfield's favor on her claims for premises liability and breach of contract. We affirm.

BACKGROUND

Cueva was injured when Santos Torres drove his car through the bedroom wall of her first floor apartment on October 22, 2011. Torres was intoxicated when he drove from the apartment complex parking lot across a sidewalk and crashed into Cueva's bedroom wall. After hitting the apartment wall, Torres pushed the accelerator in an attempt to flee but failed to put his car into reverse; instead, he drove through the bedroom wall and pinned Cueva against the opposite wall with his car. Torres was convicted and imprisoned for driving while intoxicated.

Deerfield owned the parking lot and apartment complex. The lot had curb stops along one wall that divided the apartment complex from another property; there were no curb stops in the parking lot adjacent to Cueva's apartment.

Cueva continued to live in the apartment for ten months after the incident. She did not give notice when she vacated her apartment with one month left on her lease.

Cueva sued Deerfield seeking damages for injuries she suffered when Torres drove his car through her apartment bedroom. The trial court granted Deerfield's combined motion for no-evidence and traditional summary judgment on Cueva's claims for breach of contract and premises liability. The trial court's order states in relevant part:

3. The Court finds there is no evidence, as alleged by Defendants.

4. Plaintiff has not pointed out to the court evidence that raises a genuine issue of material fact on the essential factual elements to which the Defendants have directed the attention of the Court.

5. As to the allegations against Defendants for breach of contract, Plaintiff has failed to provide evidence that Plaintiff had fully performed under the lease agreement, that Plaintiff did not

default under the terms of the lease agreement or that Defendants breached the lease agreement.

6. As to the allegations against Defendants for premises liability, Plaintiff has failed to provide evidence that these Defendants owed any duty to Plaintiff to prevent Torres' conduct or that Torres' criminal conduct was foreseeable. Plaintiff has further failed to provide evidence that Defendants:

   a. had actual or constructive knowledge of a condition on the premises by the owner;

   b. that the condition posed an unreasonable risk of harm;

   c. that Defendants did not exercise reasonable care to reduce or eliminate the risk; and,

   d. that Defendants' failure to use such care proximately caused the Plaintiff's injury.

7. Defendant's motion for no evidence summary judgment as to Plaintiff's breach of contract and premises liability claim is granted.

8. The Court after examining the summary judgment evidence on file with the Court at the time of the hearing and after hearing arguments of counsel finds that Defendants' motion for traditional summary judgment as to Plaintiff's breach of contract and premises liability claim is granted.

Cueva timely appealed.

## ANALYSIS

Cueva contends that the trial court erred in granting Deerfield's combined no-evidence and traditional motion for summary judgment because (1) she proffered evidence on each element of her premises liability claim; (2) Deerfield failed to establish its affirmative defense of superseding criminal conduct; and (3) she raised a fact issue on the challenged elements of her claim for breach of contract.

3

## I.    Standard of Review

We review summary judgments *de novo*.  *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

A traditional summary judgment may be granted if the motion and evidence show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c).  In reviewing a summary judgment, we take as true all evidence favorable to the non-movant, indulge every reasonable inference in favor of the non-movant, and resolve any doubts in the non-movant's favor.  *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006).  The movant must establish entitlement to summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of the cause of action or defense as a matter of law.  *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).

In a no-evidence summary judgment, the movant represents that there is no evidence of one or more essential elements of the claims for which the non-movant bears the burden of proof at trial.  Tex. R. Civ. P. 166a(i); *Green v. Lowe's Home Ctrs., Inc.*, 199 S.W.3d 514, 518 (Tex. App.—Houston [1st Dist.] 2006, pet. denied).  We sustain a no-evidence summary judgment when (1) there is a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence conclusively establishes the opposite of the vital fact.  *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997).  "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion' of a fact."  *King Ranch, Inc. v. Chapman*, 118

S.W.3d 742, 751 (Tex. 2003) (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)).

## II.     Premises Liability

Premises liability is a particular form of negligence in which the scope of the premises owner's duty depends on the plaintiff's status as an invitee, licensee, or trespasser. *See W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005).

It is undisputed on this record that Cueva was an invitee. *See Parker v. Highland Park*, *Inc.*, 565 S.W.2d 512, 514-15 (Tex. 1978); *see also* Restatement (Second) of Torts § 360 (2013). Accordingly, Deerfield owed a duty to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition about which Deerfield knew or should have known. *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010). To establish liability, Cueva must demonstrate that (1) Deerfield had actual or constructive knowledge of some condition on the premises; (2) the condition posed an unreasonable risk of harm; (3) Deerfield did not exercise reasonable care to reduce or eliminate the risk; and (4) the failure to use such care proximately caused Cueva's injuries. *See Keetch v. Kroger Co.,* 845 S.W.2d 262, 264 (Tex. 1992).

Deerfield challenged each element of Cueva's premises liability claim in its no-evidence motion for summary judgment. For purposes of this appeal, we focus on evidence pertaining to whether Deerfield (1) owed a duty to Cueva on this record that was breached; and (2) proximately caused Cueva's injuries.

Deerfield also sought traditional summary judgment on grounds that Torres' criminal conduct was not foreseeable. Specifically, Deerfield raised the affirmative defense of superseding cause and argued it could not have foreseen the criminal actions or inebriation of Torres, over whom it had no control. Relying on

*Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 756 (Tex. 1998), Deerfield contends it had no previous knowledge of Torres driving on the premises while intoxicated, or knowledge of Torres' drunken condition on the date of the incident.

### A.     Duty and Superseding Cause

While landowners owe a duty of ordinary care to invitees, they are not the insurers of their invitees' safety. *See Del Lago Partners, Inc.*, 307 S.W.3d at 769. "This question of duty turns on the foreseeability of harmful consequences, which is the underlying basis for negligence." *Hendricks v. Todora*, 722 S.W.2d 458, 460 (Tex. App.—Dallas 1986, writ ref'd n.r.e.) (citing *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983)).

Cueva asserts Deerfield owed a duty to use reasonable care to reduce or eliminate the risk posed by the lack of curb stops in front of her building. *See* Restatement (Second) of Torts §§ 360, 361 (2013). As support for her contention, Cueva proffered evidence that Deerfield knew there were curb stops in other areas in the apartment complex, but none in front of Cueva's apartment. In her motion to reconsider the trial court's grant of summary judgment in favor of Deerfield, Cueva attached photos showing areas where vehicles had allegedly struck apartment buildings in the past. She argued the lack of curb stops created an unreasonably dangerous condition and was the proximate cause of her injuries. Deerfield contends Cueva failed to show that her harm was foreseeable.

Multiple cases have addressed the foreseeability of harmful consequences from out-of-control cars in parking lots adjacent to buildings occupied by invitees. *See Hendricks*, 722 S.W.2d at 465 (restaurant owner owed no duty to erect parking lot barrier preventing intoxicated driver from driving vehicle into restaurant entrance); *Watkins v. Davis*, 308 S.W.2d 906, 909 (Tex. Civ. App.—Dallas 1957,

6

writ ref'd n.r.e.) ("where the injury . . . results from loss of entire control and direction of [a] . . . machine, the occurrence falls within the domain of the unusual and extraordinary, and therefore, in contemplation of law, [of] the unforeseeable"); *see also Carpenter v. Stop-N-Go Markets of Ga., Inc.,* 512 So.2d 708, 709 (Miss. 1987) (convenience store owner owed no duty to erect barriers preventing vehicles from driving through the store's plate glass window). Among these cases, *Hendricks* is particularly instructive.

Hendricks and another restaurant patron sued the premises owner and lessor for injuries they sustained when an intoxicated driver drove from an adjacent parking lot through a glass wall into the restaurant waiting area. *Hendricks*, 722 S.W.2d at 459. The small and congested lot provided shared parking for the restaurant along with a liquor store; another restaurant selling alcohol; multiple clubs; a topless bar; and a convenience store that sold alcohol. *Id*. at 460. The intoxicated driver had parked in the lot, visited the topless bar, and returned to his car just before the accident occurred. *Id.* The driver was convicted of aggravated assault. *Id*.

A six-inch concrete curb separated the parking lot from the restaurant waiting area. *Id.* Relying on deposition testimony from a security guard, the injured restaurant patrons argued that the restaurant should have erected a barrier to prevent intoxicated drivers in the parking lot from hitting waiting restaurant customers.

The trial court granted traditional summary judgment in favor of restaurant owner and lessor, and the court of appeals affirmed. As stated by the court of appeals: "Unquestionably, plaintiffs were invitees on the premises, and we assume, but do not decide, that both the lessor and the lessee had the general duty of an occupier of premises to exercise reasonable care for their safety." *Id.* The

7

court of appeals affirmed summary judgment because "no reasonable occupier of land, situated as was the lessor in this case, would go to the expense of erecting barriers around all the buildings adjacent to the parking lot to prevent such an extraordinary and unforeseen occurrence." *Id*. at 462.

In so holding, the court noted that "the occupier's duty to protect invitees against the reckless or criminal acts of third persons is determined by whether the risk of harm from such conduct is unreasonable under the circumstances." *Id*. at 461; *see also Timberwalk*, 972 S.W.2d at 756 ("A duty exists only when the risk of criminal conduct is so great that it is both unreasonable and foreseeable."). The *Hendricks* court also stated: "There is evidence that no similar occurrence had taken place in the area, and there is no evidence of any arrests of intoxicated drivers." *Hendricks*, 722 S.W.2d at 460. It concluded that no duty to erect safety barriers in the parking lot existed, and that "the reckless act of the drunken driver was a superseding cause of the plaintiff's injuries." *Id*. at 462. The court highlighted the following factors in support of this conclusion.

- "[N]either defendant is alleged to have been guilty of any negligent act or omission that could have caused any harm to plaintiffs without the intervention of the reckless driver;"

- "[T]he reckless act appears to have been extraordinary rather than normal in view of the circumstances, which did not include any such similar reckless act in the vicinity;"

- "[T]he reckless act was independent of any situation created by either the lessor or the lessee and was not a normal result of any situation created by either of them;"

- "[T]he intervening force was due entirely to the driver's act;"

8

- "[T]he intervening act of the driver was such as to subject him to liability to plaintiffs;"

- "[T]he act of the driver was more than ordinarily culpable, in that it was reckless to the point of criminal responsibility."

*Id.* Although the defendants "may have been able to realize that an intoxicated or reckless driver might crash into the building, the risk of such an occurrence was so slight that this unprecedented occurrence was so extraordinary that a reasonable person would disregard it." *Id.*

Because the defendant was not in any manner responsible for the driver's loss of control of the vehicle, the curb-jump crash in *Hendricks* fell "'within the domain of the unusual and extraordinary, and, therefore, in contemplation of law, of the unforeseeable.'" *Id.* (quoting *City of Dallas v. Maxwell*, 248 S.W. 667, 671 (Tex. Comm'n App. 1923, holding approved)); s*ee also Schats v. 7-Eleven, Inc.*, 128 So.2d 901, 904 (Fla. Dist. Ct. App. 1961) ("If as a matter of law such occurrences are held to be foreseeable and therefore to be guarded against, there would be no limitation on the duty owed by the owners of establishments into which people are invited to enter."); *Mack v. McGrath*, 276 Minn. 419, 427 (1967) ("To erect an impregnable barrier around all of the buildings would both obstruct normal pedestrian traffic and impose on the owners a burden completely out of proportion to the anticipated risk.").

In reaching this conclusion, *Hendricks* addressed and distinguished *McAllen Ky. Fried Chicken No. 1, Inc. v. Leal*, 627 S.W.2d 480 (Tex. App.—Corpus Christi 1981, writ ref'd n.r.e.). *Leal* arose from a jury verdict in favor of a restaurant patron who was injured when a car crashed into a restaurant seating area from the parking lot after the brakes failed. The court affirmed a judgment against the restaurant based on the jury verdict because "we cannot say as a matter of law that

9

appellant could not reasonably anticipate that an automobile might run into the building causing the damages and injuries complained about." *Id.* at 482.

*Hendricks* distinguished *Leal* because there was no indication in *Leal* that the driver's conduct was criminal. *Hendricks,* 722 S.W.2d at 464. "[C]onsequently, there was no occasion to apply the rule that the criminal conduct of a third person is a superseding cause." *Id.; see also* Restatement (Second) of Torts § 448 (2013). *Hendricks* also concluded that *Leal*'s holding is contrary to the Texas Supreme Court's holding in *Maxwell. Id.* (citing *Maxwell*, 248 S.W. at 671). *Maxwell* held that injury resulting from the loss of control of a vehicle due to a steering failure was so extraordinary as to not be reasonably foreseeable. *Maxwell*, 248 S.W. at 671).

We apply *Hendricks*'s teaching here and reach the same conclusion. Existing case law supports a determination that out-of-control vehicles may well be unforeseeable depending on the circumstances. We need not reach this broader question because additional factors highlighted in *Hendricks* support a conclusion that the premises owner and lessor here did not owe a duty to protect its invitees from a third party's extreme and reckless criminal conduct. *Hendricks*, 722 S.W.2d at 462.

Like the driver in *Hendricks,* Torres was intoxicated at the time of the crash and was convicted as a result of his criminal conduct. *Id.* at 463. The evidence conclusively showed that his conduct was independent of any situation created by Deerfield and the resulting crash was due entirely to Torres's own recklessness. The reckless act of Torres was a superseding cause of Cueva's injuries.

Although Cueva asserts other cars have hit Deerfield's apartment buildings in the past, there is no evidence of any occurrences similar to the one in which Cueva was injured. Even if it is assumed that evidence proffered on a motion for

10

rehearing properly could be considered, Cueva's proffered evidence does not indicate these prior incidents involved criminal conduct or conduct so reckless that the vehicles penetrated the apartment walls. On this record, therefore, the risk of cars crashing through the walls with such force as to injure an apartment dweller is extraordinary and unforeseeable. *See Hendricks*, 722 S.W.2d at 462.

After reviewing the record, we conclude the trial court properly granted summary judgment in favor of Deerfield on the premises liability claim. There is no evidence of circumstances giving rise to the duty advocated by Cueva; rather, the record demonstrates unforeseeable criminal conduct by a third party. Likewise, because Torres's criminal conduct was a superseding cause of Cueva's injuries under *Hendricks*, traditional summary judgment in favor of Deerfield was proper.

## B. Proximate Cause

Summary judgment also was proper because Cueva proffered no evidence that Deefield's asserted negligence proximately caused her injuries.

To establish that an action or omission is the proximate cause of a plaintiff's injury, the plaintiff must establish both (1) foreseeability, and (2) cause in fact. *Ambrosio v. Carter's Shooting Ctr., Inc.*, 20 S.W.3d 262, 265 (Tex. App.— Houston [14th Dist.] 2000, pet. denied). "These elements cannot be established by mere conjecture, guess, or speculation." *Urena*, 162 S.W.3d at 551 (quoting *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995)).

A defendant's conduct is a cause in fact of a plaintiff's injury if the defendant's "act or omission was a substantial factor in bringing about the injuries, and without it, the harm would not have occurred." *IHS Cedars Treatment Ctr. Of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 799 (Tex. 2004). Accordingly, cause in fact is not established where the defendant's conduct is too attenuated

11

from the plaintiff's injuries to be considered a substantial factor. *See id.*; *see also Ambrosio,* 20 S.W.3d at 266. Likewise, "cause in fact is not shown if the defendant's negligence did no more than furnish a condition that made the injury possible." *Ambrosio,* 20 S.W.3d at 266.

Cueva relies on the deposition of Cynthia Pro, Deerfield's property manager, as evidence that the lack of curb stops was a cause in fact of Cueva's injuries. In particular, she points to the following colloquy.

Q: Had you had curb stoppers in front of the apartments, wouldn't it have stopped the car?

. . .

A: I don't know. Depending on how fast.

Q: Okay.

A: I don't know.

Q: But it could have slowed him down.

A: Pardon?

. . .

Q: Could have slowed him down. Wouldn't you agree?

A: I don't agree with that. Because I - -

Q: You don't?

A: - - I don't know how fast - - how - - how fast he was - - was going into that wall. I mean - -

. . .

Q: Okay.

A: But that safety - - I mean, you can't foresee that. You can't.

. . .

Q: Okay. And if you hit a curb stopper while you're driving, could it stop you?

. . .

A: It could. Depending on how fast you're going.

. . .

Q: So you're telling this jury that even if you put all these curb stoppers in front of the building in your apartment complex, it would not decrease the chances of a car hitting the building.

A: Like I said, depending on how fast they're going.

Pro's testimony is not evidence that curb stops would have prevented Torres's vehicle from penetrating Cueva's apartment. This testimony is not evidence of cause in fact because cause in fact cannot be based upon mere conjecture, guess, or speculation. *See Urena*, 162 S.W.3d 547 at 551. Viewing the evidence in the light most favorable to Cueva, the evidence at most indicates that Deerfield's failure to provide curb stops in front of Cueva's apartment did no more than create the condition that enabled Torres to crash through the building and injure Cueva. *See Ambrosio,* 20 S.W.3d at 266.

This evidence also stands in contrast to the testimony offered during trial in *Leal*. The evidence in *Leal* consisted of (1) expert testimony that a barrier would have prevented the accident; (2) expert testimony that the restaurant's sidewalk was not high enough to restrain an automobile coming in at a speed of ½ mile per hour; and (3) testimony from the defendant driver that she would not have hit the building if the side wall had been higher, or if there had been "carstops." *See Leal*, 627 S.W.2d at 482. The court concluded that the testimony of both witnesses supported the jury's finding of proximate cause. *Id.* at 483.

There is no such evidence here. Unlike *Leal,* Cueva did not present testimony that curb stops would have prevented her injuries. Cueva presented no evidence that Torres's vehicle would not have crashed into Cueva's bedroom if the parking lot had curb stops or that Torres's vehicle would not have jumped a curb stop had one been present.

Because legal cause was negated as a matter of law, we hold the trial court properly granted Deerfield's no-evidence summary judgment on Cueva's premises liability claim.

## III.    Breach of Contract

It is undisputed that the parties entered into a valid lease agreement.  In order for Cueva to successfully assert a claim for breach of contract, she must establish: (1) the existence of a valid contract; (2) performance or tendered performance by Cueva; (3) breach of contract by Deerfield; and (4) damages sustained as a result of Deerfield's breach.  *See Frost Nat'l Bank v. Burge*, 29 S.W.3d 580, 593 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

In its combined no-evidence and traditional motion for summary judgment, Deerfield argued in part that there is no evidence that Deerfield breached its contract with Cueva.  Cueva responded that Paragraph 31 of the lease agreement obligates Deerfield to "substantially comply with all applicable laws regarding safety, sanitation, and fair housing," and contended that Deerfield breached this provision because it failed to provide curb stops.

Cueva points to the City of Houston Code of Ordinances Section 26-582 in support of her contention.  Section 26-582(a)(1) states that all parking facilities "shall be designed to include safety barriers, protective bumpers or curbing, and directional markers sufficient to provide safety . . . and to prevent encroachment onto adjoining public or private property."  Houston, Tex., Code of Ordinances ch. 26, art. VII, § 26-582 (2010).  This ordinance requires "all persons developing new and redeveloping existing buildings or tracts within the city to provide sufficient off-street parking . . ." and does not apply to properties that are not being altered or redeveloped.  Houston, Tex., Code of Ordinances ch. 26, art. VII, § 26-471 (2010). Cueva has not proffered any evidence suggesting Deerfield's apartment complex

14

was being altered or redeveloped.  Accordingly, the ordinance is inapplicable to Deerfield.  We conclude that Cueva failed to produce any evidence of a breach of the lease agreement by Deerfield, and that the trial court's grant of summary judgment was therefore proper.  We overrule Cueva's third issue.

## CONCLUSION

Having overruled each of Cueva's issues on appeal, we affirm the judgment of the trial court.


/s/    William J. Boyce
Justice


Panel consists of Justices Boyce, Busby, and Brown.